# NO. 23-10397

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

SHELLEY GIPSON,

PLAINTIFF,

—VERSUS—

WEATHERFORD COLLEGE,
OF THE PARKER COUNTY JUNIOR COLLEGE DISTRICT,

DEFENDANT,

JOHN L. ROSS,

APPELLANT

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION
NO. 4:22-CV-730, THE HONORABLE MARK T. PITTMAN, PRESIDING

---

## BRIEF OF APPELLANT, JOHN L. ROSS

---

RESPECTFULLY SUBMITTED,

**JOHN L. ROSS**
**Texas State Bar No. 17303020**
THOMPSON, COE, COUSINS & IRONS, L.L.P.
**700 North Pearl Street, Suite 2500**
**Dallas, Texas 75201**
**Phone: (214) 871-8206**
**Fax:    (214) 871-8209**

**APPELLANT**

ORAL ARGUMENT NOT NECESSARY

# NO. 23-10397

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**SHELLEY GIPSON,**

**PLAINTIFF,**

**—VERSUS—**

**WEATHERFORD COLLEGE,**
**OF THE PARKER COUNTY JUNIOR COLLEGE DISTRICT,**

**DEFENDANT,**

**JOHN L. ROSS,**

**APPELLANT**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR. RULE 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

Shelley Gipson
Plaintiff

Kevin M. Duddlesten
Duddlesten Law Group, PLLC
Counsel for Plaintiff

Weatherford College, of the Parker County Junior College District
Defendant

John L. Ross
Thompson, Coe, Cousins & Irons, L.L.P.
Appellant

Respectfully Submitted,

/s/ John L. Ross
**JOHN L. ROSS**
**APPELLANT**

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellant waives oral argument. The issue presented should be easily answered without the necessity for oral argument.

TABLE OF CONTENTS

PAGE

CERTIFICATE OF INTERESTED PERSONS                    i

STATEMENT REGARDING ORAL ARGUMENT                    ii

TABLE OF CONTENTS                                    iii

INDEX OF AUTHORITIES                                 v

STATEMENT OF JURISDICTION                            1

ISSUE PRESENTED                                      2

> WHETHER THE DISTRICT COURT ABUSED ITS
> DISCRETION BY MONETARILY SANCTIONING
> COUNSEL FOR BOTH PLAINTIFF AND DEFENDANT
> *SUA SPONTE* FOR THE SOLE REASON THAT BOTH
> COUNSEL FILED *DECLARATIONS* WITH THE COURT—
> AS IS EXPRESSLY AUTHORIZED BY STATUTE, 28
> U.S.C. § 1746—IN LIEU OF FILING *AFFIDAVITS*.

STATEMENT OF THE CASE                                3

  A. INTRODUCTION                                    3

  B. THE COURT'S TWO *ORDERS*                         4

SUMMARY OF ARGUMENT                                  7

STANDARD AND SCOPE OF REVIEW                         8

  A. SANCTIONS UNDER FED. R. CIV. P. 11              8

  B. SANCTIONS UNDER A COURT'S INHERENT AUTHORITY    8

PAGE

ARGUMENT

THE DISTRICT COURT'S IMPOSITION OF SANCTIONS
*SUA SPONTE* BASED ON ITS INHERENT AUTHORITY
WAS, NECESSARILY, AN ABUSE OF DISCRETION—
BOTH BASED ON A CLEARLY ERRONEOUS VIEW OF
THE LAW AND NOT BASED ON ANY FINDING OF BAD
FAITH.                                                       10

A. THE DISTRICT COURT'S ORDER MUST BE ANALYZED
   AS THE EXERCISE OF THE COURT'S INHERENT AUTHORITY.        10

B. THE DISTRICT COURT ABUSED ITS DISCRETION BECAUSE
   IT IMPOSED SANCTIONS NOT BASED ON ANY FINDING OF BAD
   FAITH.                                                    11

C. THE DISTRICT COURT ABUSED ITS DISCRETION BECAUSE ITS
   ORDER IS PREDICATED ON A PATENTLY ERRONEOUS VIEW OF
   THE LAW.                                                  12

D. THE DISTRICT COURT ENGAGED IN JUDICIAL OVERKILL           15

CONCLUSIONS AND REQUESTED RELIEF                             24

CERTIFICATE OF SERVICE                                       25

CERTIFICATE OF COMPLIANCE                                    26

iv

# INDEX OF AUTHORITIES

Page(s)

Cases:

*A.H. Lundberg Associates, Inc. v. TSI, Inc.*,
 750 Fed. App'x. 592 (9th Cir. 2019) ................................. 1

*ABS Ins., Ltd. v. Nat'l Union Fire Ins. Co.*,
 51 F.Supp.2d 762 (E.D. Tex. 1999) .................................. 20

*Allen v. Greystar Mgmt. Services, L.P.*,
 2010 WL 148187 (W.D. Tex. Jan. 11, 2010) ............... 20

*Anchondo v. GlobalOptions Group, Inc.*,
 No. 8:04-cv-01453 (C.D. Ca. 2008) ................................ 19

*Andrade v. Zurich Am. Ins. Co.*,
 No. 4:04-cv-03720 (S.D. Tex. 2005) ............................... 21

*Argus v. F. Gaylon Young, Ins., et al.*,
 No. 02-001GPM (S.D. Ill. 2002) ...................................... 19

*Arnold v. United States*,
 484 U.S. 1060 (1988) ........................................................ 16

*Atl. Fed. Sav. & Loan Ass'n v. Blythe Eastman Pain Webber, Inc.*, 890 F.2d 371 (11th Cir. 1989) ............. 1

*Azar v. Howl San Antonio, LLC*,
 No. SA:08-cv-00965 (W.D. Tex. 2009) ........................ 20

*Bass v. Lifecare Holdings*,
 No. 2:99-cv-01864 (E.D. La. 1999) ................................ 19

*BedRoc Ltd., LLC v. United States*,
 541 U.S. 176 (2004) .......................................................... 14

v

PAGE(S)

*Blanco River, L.L.C. v. Green,*
    457 Fed. App'x. 431 (5th Cir. 2012)                10-11

*Boland Marine & Mfg. Co. v. Rihner,*
    41 F.3d 997 (5th Cir.1995)                         9

*Boone v. Gibson,*
    2008 WL 4791345 (N.D. Tex. Feb. 14, 2008),
    *rep. and recomm. adopted in part, rejected
    in part*, 2008 WL 4791541 (N.D. Tex. Oct. 31, 2008)   19

*Boyer v. Gates, McDonald & Co.,*
    No. 3:91-cv-00027 (N.D. Tex. May 1992)             22

*Brewster v. Custom Data Sys., Inc.,*
    2017 WL 7052307 (W.D. Tex. Sept. 5, 2017),
    *rep. and recomm. adopted,*
    2017 WL 7052275 (W.D. Tex. Sept. 22, 2017)         20

*Brewster v. Custom Data Syst., Inc.,*
    No. 6:16-cv-00170 (W.D. Tex. 2017)                 21

*Burtons v. Warden, FMC-Fort Worth,*
    2021 WL 6063103 (N.D. Tex. Dec. 22, 2021)          14

*Bustillos v. El Paso County Hosp. Dist.,*
    226 F.Supp.3d 778 (W.D. Tex. 2016),
    *aff'd*, 891 F.3d 214 (5th Cir. 2018)              18, 20

*Butterfield v. CiCi Enterprises, L.P.,*
    2020 WL 6161713 (D. Ariz. Oct. 21, 2020)           18

*Campbell v. Wilkinson,*
    2021 WL 1567892 (Apr. 21, 2021) (Pittman, J.),
    *rev'd*, 988 F.3d 798 (5th Cir. 2021)              23

vi

PAGE(S)

*Carillo v. Nat'l Union Fire Ins. Co.*,
    No. 1:93-cv-00128 (N.D. Tex. Aug. 1994)       19, 22

*Carter v. Clark*,
    616 F.2d 228 (5th Cir. 1980)       13, 15

*Castro v. Nat'l Union Fire Ins. Co.*,
    No. 4:92-cv-03817 (S.D. Tex. 1993)       21

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991)       8

*Chaves v. M/V Medina Star*,
    47 F.3d 153 (5th Cir. 1995)       8

*Chen v. Mar*,
    No. 62-CV-09-12113 (2d Dist. Ct.
    Ramsey Cnty., Minn. 2010)       17, 22

*CiCi Enterprises, L.P. v. Duforni, et al.*,
    No. cv-06-1029 (W.D. Okla. 2006)       19

*CiCi Enterprises, L.P. v. Neuro Diagnostics, Inc.*,
    No. 08-9062 (N.D. Ga. Bkcy. 2008)       19

*Cigna Ins. Co. v. Huddleston*,
    986 F.2d 1418 (5th Cir. 1993)       18

*Cigna Ins. Co. v. Simmons*,
    35 F.3d 561 (5th Cir. 1994)       18

*Clasen v. Nat'l Bd. of Osteopathic Med. Examiners, Inc.*,
    2015 WL 9489507 (E.D. Tex. Dec. 30, 2015),
    *rep. and recomm. adopted*, 2016 WL 890675
    (E.D. Tex. Mar. 9, 2016)       20

PAGE(S)

*Conley v. Good Shepherd Hospital*,
    No. 2:16-cv-01346 (E.D. Tex. Oct. 31, 2017)         20

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990)                                 9

*Coppock v. Doug's Corner, et al.*,
    No. 5:21-cv-00043 (E.D. Tex. 2023)                  20

*Crandall v. Nat'l Union Fire Ins. Co.*,
    No. 55-93 (249th Dist. Ct. Johnson Cnty. June 1996)  22

*Crowe v. Smith*,                                       9, 10, 12,
    151 F.3d 217 (5th Cir. 1998)                        23

*Cumming v. Nationwide Ins. Co.*,
    No. 3-00-cv-01716 (N.D. Tex. 2000)                  21

*Cummings v. Total Eye Care*,
    2019 WL 95606 (N.D. Tex. Jan. 3, 2019)              19

*Cunningham v. Richeson Mgmt. Corp.*,
    2005 WL 8158180 (N.D. Tex. 2005),
    *rev'd*, 230 Fed. App'x. 369 (5th Cir. 2007)        18, 21

*Cutrer v. Tarrant Cnty. Local Workforce Dev. Bd.*,
    943 F.3d 265 (5th Cir. 2019)                        18

*Cutrer v. Tarrant County Workforce Dev. Bd.*,
    2020 WL 6504569 (N.D. Tex. Nov. 5, 2020)            19

*Davis v. Cmty. Educ. Centers, Inc.*,
    2013 WL 12108601 (W.D. Tex. Jan. 17, 2013)          20

*Davis v. Dep't of Educ.*,
    79 F.3d 1166 (Fed. Cir. 1996)                       17

PAGE(S)

*Dawson v. United States,*
 68 F.3d 886 (5th Cir.1995)                                    9

*De La Rosa v. J&GK Properties, LLC,*
 2019 WL 7067130 (E.D. Tex. Dec. 23, 2019)                    20

*Deutsch v. Phil's Icehouse, Inc.,*
 716 Fed. App'x. 361 (5th Cir. 2018)                        9, 11

*Dewalt v. Sam's E., Inc.,*
 2020 WL 10787544 (S.D. Tex. Oct. 26, 2020)                    7

*Dondi Properties Corp. v. Comm. Sav. & Loan Assoc.,*
 121 F.R.D. 284 (N.D. Tex. 1988)                             4, 5

*EEOC v. ABC Rentals, Inc.,*
 1985 WL 3778 (N.D. Tex. Nov. 12, 1985)                       20

*EEOC v. AccentCare, Inc.,*
 2017 WL 2691240 (N.D. Tex. June 21, 2017)                    19

*EEOC v. Alden Short,*
 2021 WL 4502413 (N.D. Tex. Sept. 30, 2021)                   19

*EEOC v. Cosmair, Inc., L'Oreal Hair Care Div.,*
 1986 WL 68544 (N.D. Tex. Nov. 4, 1986),
 *aff'd as modified and remanded,*
 821 F.2d 1085 (5th Cir. 1987)                                19

*Elliott v. Tilton,*                                    1, 8, 10,
 64 F.3d 213 (5th Cir. 1995)                              11, 12

*EYM King of Michigan, LLC, d/b/a Burger King,*
 201 L.R.R.M. (BNA) ¶ 1099 (N.L.R.B. Div. of Judges
 Sept. 29, 2014), *adopted as modified,*
 366 NLRB No. 156 (N.L.R.B. Aug. 15, 2018)                    18

PAGE(S)

*EYM King of Missouri d/b/a Burger King*,
    365 NLRB No. 16 (N.L.R.B. Div. Judges
    Sept. 29, 2017), *aff'd*, 366 NLRB No. 5 (2018)        18

*Faith Temple Church of God v. Church Mut. Ins. Co.*,
    2018 WL 9869610 (E.D. Tex. Oct. 17, 2018)        7

*Fareed v. Accred. Council for Graduate Med. Educ.*,
    903 F.Supp.2d 492 (S.D. Tex. 2012)        21

*Frazier v. Garrison, ISD*,
    No. cv-L-89-130-CA, 1991 WL 474688
    (E.D. Tex. Nov. 12, 1991), *aff'd*,
    980 F.2d 1514 (5th Cir. 1993)        18, 21

*Frazier v. United Stationers Supply Co.*,
    No. 90-08001-I (162nd Dist. Dallas Cnty. Feb. 1993)        22

*Friend v. ISI Professional Services, Inc.*,
    69 Fed. App'x. 659,
    2003 WL 21356055 (5th Cir. 2003)        18

*Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.*,
    126 F.3d 215 (3d Cir. 1997)        1

*Giddens v. Cmty. Educ. Centers, Inc.*,
    2012 WL 12884371 (W.D. Tex. Sept. 12, 2012),
    *aff'd*, 540 Fed. App'x. 381, 2013 WL 5405503 (2013)        18, 20

*Gipson v. Wardlaw Consulting Services, Inc.*,
    No. 3:20-cv-00482 (N.D. Tex. 2021)        19

*Gliszinski v. Davisco Foods Internat'l, Inc., et al.*,
    No. 27-CV-10-2031 (4th Dist. Ct. Hennepin Cnty.,
    Minn. 2010), *rev. denied*, No. A11-2230
    (Minn. Apr. 25, 2012)        17

PAGE(S)

*GlobalOptions Group, Inc.*,
    No. 8:08-cv-01364 (C.D. Ca. 2010)          19

*Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell*
    *v. Medfit Int'l, Inc.*, 982 F.2d 686 (1st Cir. 1993)     12

*Green v. Greystar Management Services*,
    No. 08-5850 (14th Dist. Ct. Dallas Cnty. June 2009)    22

*Guinn v. Bosque Cnty.*,
    58 S.W.3d 194 (Tex. App.—Waco 2001, pet. denied)    17

*Haines v. Nat'l Union Fire Ins. Co.*,
    812 F.Supp. 93 (S.D. Tex. 1993)          21

*Haller v. Spring Branch ISD*,
    2001 WL 282742 (Tex. App.—
    El Paso Mar. 22, 2001, no pet.)         17

*Hammons v. Crawford & Co., et al.*,
    No. 2:93-cv-00201 (N.D. Tex. 1994)        19

*Harper v. Nationwide Mut. Ins. Co.*,
    No. 5:03-cv-00758 (W.D. Tex. 2003)        20

*Haskett v. Cinco Energy Mgmt. Group*,
    161 F.Supp.3d 465 (S.D. Tex. 2015),
    *rev'd*, 671 Fed. App'x. 318 (5th Cir. 2016)    18, 21

*Hatton v. Nat'l Union Fire Ins. Co., et al.*,
    No. 1995-CI-09459 (225th Dist. Ct. Bexar Cnty.
    Mar.-Apr. 1999)         22

*Hill Tower, Inc. v. Dep't of Navy*,
    718 F.Supp. 568 (N.D. Tex. 1989)        19

PAGE(S)

*Hills v. Carr,*
    2021 WL 4399771 (N.D. Tex. Sept. 27, 2021)    14

*Hinmon v Rack Room Shoes,*
    No. 1-05-934 382 (382nd Dist. Rockwall Cnty.
    June 2006)    22

*Hubbard v. RaceTrac Petroleum, Inc.,*
    1998 WL 318819 (N.D. Tex. June 8, 1998)    19

*Huddleston v. Cigna Ins.,*
    30 F.3d 1491 (5th Cir. 1994),
    *cert. denied,* 513 U.S. 1125 (1995)    18

*Hudson v. Mortenson Broad. Co. of Tex., Inc.,*
    2008 WL 190514 (N.D. Tex. Jan. 23, 2008)    19

*In re Hinterlong,*
    109 S.W.3d 611 (Tex. App.—Fort Worth 2003, no pet.) 17

*In re Swan Products, LLC,*
    2019 WL 1716312 (Tex. App.—Waco
    Apr. 17, 2019, no pet.)    17

*In re Tyco Elec. Power Sys., Inc.,*
    2005 WL 237232 (Tex. App.—Dallas
    Feb. 2, 2005, no pet.)    17

*Interior Syst., Inc. v. Braswell,*
    No. 1:07MC22 (E.D. Va. 2107)    19

*Jurgens v. Wood County,*
    248 F.3d 1143, 2001 WL 184852 (5th Cir. 2001)    18

*Keelan v. Majesco Software, Inc.,*
    407 F.3d 332 (5th Cir. 2005)    18

PAGE(S)

*Kilborne v. Ft. Worth County Day School,*
   No. 4:89-cv-00538 (N.D. Tex. 1990)                    22

*Kumar v. AST Solutions, LLC,*
   No. 4:06-cv-00839 (S.D. Tex. 2007)                     21

*Lloyd v. Classic Chevrolet, Inc.,*
   2002 WL 989470 (N.D. Tex. Jan. 31, 2002)              19

*Loya v. Nat'l Union Fire Ins. Co.,*
   No. 3:00-cv-00201 (W.D. Tex. 2001)                     20

*Lusk, et al., v. FoxMeyer Health Corp.,*
   129 F.3d 773 (5th Cir. 1997)                           18

*Mackler Productions, Inc. v. Cohen,*
   146 F.3d 126 (2d Cir. 1998)                            23

*Mansfield Heliflight, Inc. v. Bell/Agusta Aero. Co., LLC,*
   507 F.Supp.2d 638 (N.D. Tex. 2007)                     21

*Martinez v. Tyson Foods, Inc.,*
   533 F.Supp.3d 386 (N.D. Tex. 2021) (Pittman, J.)      14-15

*Matlock v. Nat'l Union Fire Ins. Co.,*
   925 F.Supp. 468 (E.D. Tex. 1996)                      20-21

*McCaffity v. Hurst-Euless-Bedford ISD,*
   98 F.3d 1339, 1996 WL 556888 (5th Cir. 1996)          18

*McGilvray v. Moses,*
   8 S.W.3d 761 (Tex. App.—
   Fort Worth 1999, pet. denied)                          17

*Mendivil v. Zanios Foods, Inc.,*
   357 S.W.3d 827 (Tex. App.—El Paso 2012, no pet.)       17

Page(s)

*Milstead v. Nat'l Union Fire Ins. Co.*,
    No. 92-cv-00311 (E.D. Tex. 1993)          21

*Miss. Chem. Corp. v. EEOC*,
    786 F.2d 1013 (11th Cir. 1986)          17

*Mo-Vac Service Co. v. Am. Hom Assurance*,
    No. 7:95-cv-00020 (S.D. Tex. 1995)          21

*Nash v. Landtel Communications, LLC*,
    2011 WL 13301131 (E.D. Tex. Jan. 12, 2011)          20

*Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*,
    2 F.3d 1397 (5th Cir. 1993)          9

*Nat'l Union Fire Ins. Co. v. ABS Ins., Ltd.*,
    2001 WL 102352 (S.D. N.Y. Mar. 7, 2001)          19

*Nat'l Union Fire Ins. Co. v. Rivas*,
    No. 7:98-cv-00164 (W.D. Tex. 1999)          20

*Nat'l Union Fire Ins. Co. v. Valdez*,
    863 S.W.2d 458 (Tex. 1993)          17

*Nissho-Iwai Am. Corp. v. Kline*,
    845 F.2d 1300 (5th Cir. 1988)          12-13

*NLRB v. EYM King of Missouri, LLC*,
    696 Fed. App'x. 759 (8th Cir. 2017)          17

*NLRB v. EYM King of Missouri, LLC*,
    726 Fed. App'x. 524 (8th Cir. 2018)          17

*Norman v. Carr*,
    2021 WL 5086561 (N.D. Tex. Nov. 2, 2021)          14

PAGE(S)

*O'Neal v. Transitional Learning Ctr.*,
    No. 3:93-cv-00031 (S.D. Tex. 1993)          21

*Ortiz v. Nat'l Union Fire Ins. Co.*,
    No. 2:95-cv-00328 (S.D. Tex. 1995)          21

*Paters v. United States*,
    159 F.3d 1043 (7th Cir. 1998)          12

*Pena v. Lone Star Nat'l Bank, N.A.*,
    807 Fed. App'x. 353 (5th Cir. 2020)          12

*People v. Biondo*,
    76 Mich. App. 155, 256 N.W.2d 60 (1977)          15, 17

*Quiroz, et al. v. WCS Services, Inc.*,
    No. 3:16-cv-02212 (N.D. Tex. Sept. 29, 2017)          19

*R.T.C. v. Bright*,
    6 F.3d 336 (5th Cir. 1993)          8

*Rasberry v. Muniz Engineering, Inc.*,
    No. G-01-728 (S.D. Tex. Sept. 2002)          21

*Ray v. Nat'l Union Fire Ins. Co.*,
    No. 4:92-cv-01131 (S.D. Tex. 1993)          21

*Razvi v. Dallas Fort Worth Int'l Airport*,
    2020 WL 8085299 (N.D. Tex. Dec. 10, 2020)
    (Pittman, J.), *rev'd*, 2022 WL 4298141
    (5th Cir. Sept. 16, 2022)          23

*Rekiel v. Wardlaw Consulting Services, Inc.*
    No. W-18-cv-00025 (W.D. Tex. 2019)          21

PAGE(S)

*Richards v. Newport Strategic Search, Inc.*,
    2016 WL 10906448 (N.D. Tex. May 12, 2016)    19

*Richardson v. BBB Group, Inc.*,
    No. 3:14-cv-01014 (N.D. Tex. 1014)    19

*Richey v. Ins. Co. of the State of Pa.*,
    No. 3:97-CV-00031 (E.D. Tex. 1998)    20

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980)    9

*Rodriguez v. Landmark Ins. Co.*,
    No. 1:93-cv-00028 (S.D. Tex. 1994)    21

*Rodriquez v. Nat'l Union Fire Ins. Co.*,
    247 F.3d 240, 2001 WL 43525 (5th Cir. 2001)    18

*Rohr v. INOVA Health Care, P.A.*,
    No. 94-09728 (162nd Dist. Ct. Dallas Cnty. May 1995)  22

*Romero v. Am. Home Assurance*,
    No. 4:00-cv-02816 (S.D. Tex. 2001)    21

*Sanders v. Dalcraft, LLC*,
    2010 WL 11578738 (N.D. Tex. Mar. 1, 2010)    19

*Sandifer v. Gusman*,
    637 Fed. App'x. 117 (5th Cir. 2015)    10

*Schnell v. Nat'l Union Fire Ins. Co., et al.*,
    No. 91-0445 SL (El Paso Cnty. Ct. at Law No. 1 1994)  22

*SecurityLink from Ameritech, Inc., v.*
    *Holmes Protection Group, Inc., et al.*,
    No. 401841 (Sup. Ct. San Mateo, CA 1997)    17

PAGE(S)

*Shadix-Marasco v. Austin Reg'l Clinic P.A.*,
    2011 WL 13272445 (W.D. Tex. July 5, 2011)      20

*Shannon v. United States*,
    512 U.S. 573 (1994)      13

*So. Tire Mart, LLC v. Gutierrez*,
    2021 WL 6750914 (W.D. Tex. Oct. 12, 2021)      20

*Solomon v. Wardlaw Claim Services, LLC*,
    2019 WL 2565667 (N.D. Ind. June 19, 2019)      18-19

*Soza-Gorham v. Tex. Elec. Util. Constr. Co.*,
    No. 3800167401 (380th Dist. Ct. Collin
    Cnty. Oct. 2002)      22

*Sparrow v. Nat'l Union Fire Ins. Co., et al.*,
    No. 93-12262 (171st Dist. Ct. El Paso Mar. 1995)      22

*Spindle v. CKJ Trucking, L.P.*,
    2020 WL 13609302 (E.D. Tex. Feb. 7, 2020),
    *rep. and recomm. adopted*, 2020 WL 1283519
    (E.D. Tex. Mar. 18, 2020)      20

*Stell v. Eng'g & Fire Investigations, Inc.*,
    2007 WL 1295838 (S.D. Tex. 2007)      21

*Sweet v. Indianapolis Jet Ctr., Inc.*,
    2011 WL 2518862 (W.D. Tex. June 22, 2011)      20

*Tervita, LLC v. Sutterfield*,
    482 S.W.3d 280 (Tex. App.—Dallas 2015, rev. denied)  17

*Thomas v. U.S. Dep't of Energy*,
    719 F.2d 342 (10th Cir. 1983)      13

PAGE(S)

*Thomas v. WSFM, LLC,*
  No. 2:07-cv-01336 (E.D. La. 2008)          19

*Tilton v. Moyé,*
  869 S.W.2d 955 (Tex. 1994)          17

*Townsend v. Wilks Masonry, LLC,*
  No. 5:18-cv-00921 (W.D. Okla. 2019)          18

*Trillo v. Nat'l Union Fire Ins. Co.,*
  Nos. 93-11554 and 96-4685 (65th Dist. Ct.,
  El Paso Cnty. 1996), *aff'd,* No. 08-97-00182-CV
  (Tex. App.—El Paso Mar. 4, 1999)          17, 22

*Tutton v. Garland ISD,*
  733 F.Supp. 1113 (N.D. Tex. 1990)          19

*Union Pump Co. v. Centrifugal Tech. Inc.,*
  404 Fed. App'x. 899 (5th Cir. 2010)          8, 9

*United States Catholic Conf. v. Abortion Rights Mob., Inc.,*
  487 U.S. 72 (1988)          1

*United States v. Berner,*
  32 M.J. 570 (A.C.M.R. 1991)          16

*United States v. Love,*
  20 F.4th 407 (8th Cir. 2021)          7

*United States v. MA Partners2, et al.,*
  No. 3:23-cv-00407 (N.D. Tex. 2023)          19

*United States v. McMillan,*
  32 M.J. 573 (A.C.M.R. 1991)          16

PAGE(S)

*United States v. Palacios*,
  32 M.J. 1047 (A.C.M.R. 1991),
  *rev'd*, 37 M.J. 366 (C.M.A. 1993) ............................................ 16

*United States v. Serrano*,
  27 M.J. 611 (A.C.M.R. 1988) ................................................... 16

*Vela v. Cabo*,
  No. 4:99-cv-01329 (S.D. Tex. 1999) ....................................... 21

*Vela v. Nat'l Union Fire Ins. Co.*,
  No. 1:93-cv-00063 (S.D. Tex. 1994) ....................................... 21

*Villareal v. Nat'l Union Fire Ins. Co.*,
  No. 2:92-cv-00221 (S.D. Tex. 1993) ....................................... 21

*Ward v. Empire Petroleum Partners, LLC*,
  No. cv-20-01496 (D. Ariz. 2020) ............................................ 18

*Waste Mgmt. of Washington, Inc. v. Kattler*,
  No. 4:12-cv-03454 (S.D. Tex. 2013) ....................................... 21

*Webster v. Hawkins ISD*,
  No. 6:88-cv-00695 (E.D. Tex. 1990) ....................................... 22

*Wells v. Sw. Assemblies of God Univ.*,
  2015 WL 5459551 (N.D. Tex. Aug. 25, 2015),
  *rep. and recomm. adopted*, 2015 WL 5472840
  (N.D. Tex. Sept. 17, 2015) ..................................................... 19

*White v. H.S. Fox Corp.*,
  No. 3:92-cv-00628 (N.D. Tex. 1994) ................................. 19, 21-22

*Williams v. Browman*,
  981 F.2d 901 (6th Cir. 1992) .................................................. 12

PAGE(S)

*Williams v. City of Highland Village,*
    No. 4:94-cv-00170 (E.D. Tex. 1995)                    21

*Williams v. Good Shepherd Med. Cntr. et al.,*
    No. 2:13-CV-00267 (E.D. Tex. March 31, 2014)        20

*Wilson v. CiCi Enterprises, Inc.,*
    No. 2:20-cv-019957 (S.D. Ala. 2021)                  18

*Woodson v. Surgitek, Inc.,*
    57 F.3d 1406 (5th Cir. 1995)                          9

*Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer,*
    90 F.3d 118 (5th Cir. 1996),
    *cert. denied,* 520 U.S. 1117 (1997)                 18

*Zuni Pub. Sch. Dist. No. 89 v. Dep't of Ed.,*
    550 U.S. 81 (2007)                                 14-15

OTHER AUTHORITIES:

21B Wright & Miller,
    *Fed. Prac. & Pro. Evid.* § 5106 (2d ed. 2009)        7

28 U.S.C. § 1746                                     *passim*

*Fed. R. Civ. P.* 11                                     8

*Fed. R. Civ. P.* 11(b)                                 10

*Fed. R. Civ. P.* 11(c)                                 10

## <u>STATEMENT OF JURISDICTION</u>

Final judgment was entered by the District Court on April 6, 2023. ROA. 963-964. Notice of appeal was timely filed April 18, 2023. R.E. No. 10[1] (ROA. 965-966).

This is an appeal from a sanctions order entered by the District Court during the course of the proceedings below. R.E. No. 5 (ROA. 896-897). Accordingly, this Court has jurisdiction under 28 U.S.C. § 1291. *See, e.g., United States Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("The right of a nonparty to appeal an adjudication of contempt cannot be questioned."); *A.H. Lundberg Associates, Inc. v. TSI, Inc.*, 750 Fed. App'x. 592 (9th Cir. 2019) ("We have jurisdiction under 28 U.S.C. § 1291 over an order imposing sanctions upon a nonparty[.]"); *Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.*, 126 F.3d 215, 218 (3d Cir. 1997) (court of appeals had jurisdiction over appeal by nonparty challenging district court's contempt finding and sanction for discovery violations); *Elliott v. Tilton*, 64 F.3d 213 (5th Cir. 1995) (reviewing and reversing sanctions imposed by district court on counsel for the Defendant). *See also Atl. Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc.*, 890 F.2d 371, 377 (11th Cir. 1989) (appeal of sanctions order before entry of final judgment is premature).

---

[1] "R.E." refers to Appellant's record excerpts.

## **ISSUE PRESENTED**

WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION BY MONETARILY SANCTIONING COUNSEL FOR BOTH PLAINTIFF AND DEFENDANT *SUA SPONTE* FOR THE SOLE REASON THAT BOTH COUNSEL FILED *DECLARATIONS* WITH THE COURT—AS IS EXPRESSLY AUTHORIZED BY STATUTE, 28 U.S.C. § 1746—IN LIEU OF FILING *AFFIDAVITS*.

## STATEMENT OF THE CASE

**A. INTRODUCTION:**

The underlying case involved hotly contested accusations by a female employee of Weatherford College of sexual harassment by the college President—allegations which were vehemently denied. *See* ROA. 10-37 (*Complaint*); ROA. 140-160 (*Amended Complaint*).[2] The allegations prompted numerous protests on campus and garnered significant local media coverage. *See, e.g.*, ROA. 357-378.

Ultimately, after (1) much vigorous litigation (*see, e.g.*, ROA. 48-68 [motion to dismiss]; ROA 166-168 [Defendant's motion for summary judgment]; ROA. 169-207 [MSJ brief]; ROA. 309-388 [Defendant's motion to stay discovery]; ROA. 390-392 [Plaintiff's motion for Rule 56(d) continuance]; ROA. 648-674 [Defendant's motion for a protective order and to quash depositions]; ROA. 748-824 [Defendant's second motion for a protective order and to quash depositions]); (2) a court-ordered settlement conference (ROA. 902), and (3) *two* mediations (ROA. 746-747; ROA. 957-958), the case was settled and dismissed.

This appeal is limited to a challenge to an order of the District Court which imposed monetary sanctions on counsel for both parties *for the sole reason* that instead of filing court-ordered

---

[2] All of the "sexual harassment" asserted by Plaintiff was strictly comprised only of verbal comments allegedly occurring over the course of three months, from September to December 2020, concerning, *e.g.*, Plaintiff's appearance, *etc.* Plaintiff conceded that the college President never physically threatened her, never attempted to kiss her, never assaulted her or touched her inappropriately, never fondled or groped her, and never used derogatory terms towards her. *Id.*, ¶¶ 18-51.

*affidavits* with the Court, counsel filed *declarations*, as is expressly permitted by statute. 28 U.S.C. § 1746 (emphasis added):

> Wherever, under *any . . . order . . . any matter is required* or permitted *to be supported . . . by . . . affidavit . . . such matter may, with like force and effect, be supported . . . by* the *unsworn declaration . . .* of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form . . . .

## B. THE COURT'S TWO *ORDERS*:

On January 31, 2023, the District Court entered the following *Order* (R.E. 2 (ROA. 894-895); emphasis original):

> The Court thus **ORDERS** that all Counsel of record for all Parties shall each read: (1) *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.,* 121 F.R.D. 284 (N.D. Tex. 1988); (2) the Texas Lawyer's Creed; and (3) the Texas Rules of Professional Conduct. It is further **ORDERED** that all Counsel of record for all Parties shall each certify to the Court via an affidavit filed by **5:00 p.m. on February 3, 2023,** that they have read, understand, and will comply with these three documents throughout the remainder of this litigation.
>
> Failure to comply with this Order will result in monetary sanctions being imposed against individual Counsel, the Parties, or both.

Counsel for Plaintiff and counsel for Defendant both promptly complied with the Court's reading requirements. That same afternoon, January 31, 2023, pursuant to 28 U.S.C. § 1746, both attorneys separately filed declarations certifying to the Court that they had read and understood *Dondi*, the *Creed*, and the disciplinary rules and would comply with them. R.E. 3 (ROA. 993-

994; Plaintiff's counsel's *Declaration*); R.E. 4 (ROA. 995; Defendant's counsel's *Declaration*).

The next day, February 1, 2023, the District Court *sua sponte* issued a second *Order*. R.E. No. 5 (ROA. 896-897; emphasis original):

> On January 31, 2023, the Court ordered all Counsel of record for all Parties to read: (1) *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.,* 121 F.R.D. 284 (N.D. Tex. 1988); (2) the Texas Lawyer's Creed; and (3) the Texas Rules of Professional Conduct. ECF No. 63. Counsel was [*sic*] then instructed to certify to the Court *via an affidavit* that they have read, understand, and will comply with these three documents throughout the remainder of this litigation. *Id.* (emphasis added). The Court cautioned Counsel that a failure to comply with its Order would result in monetary sanctions. *Id.*

> Despite these unambiguous instructions, Plaintiff's counsel Kevin M. Duddlesten and Defendant's counsel John L. Ross both failed to comply with the Court's Order by filing declarations instead of affidavits that were witnessed and authenticated by a notary public or commissioner of oaths. *See* ECF Nos. 64, 65. Accordingly, the Court concludes that sanctions should be imposed on Mr. Duddlesten and Mr. Ross in the amount of $250 each.

> The Court therefore **ORDERS** Mr. Kevin M. Duddlesten and Mr. John L. Ross to **each pay $250** to the **Clerk of the Court for the Fort Worth Division of the Northern District of Texas by 5:00 p.m. on Friday, February 3, 2023.** The Clerk of the Court is **INSTRUCTED** to accept their payments in accordance with this Order.

> In addition, the Clerk of the Court is **INSTRUCTED** to **STRIKE** and **UNFILE** Mr. Duddlesten's declaration (ECF No. 64) and Mr. Ross's declaration (ECF No. 65). Counsel shall comply with the Court's prior Order instructing them to

**5**

read the abovementioned documents and certify their reading to the Court via an affidavit **by 5:00 p.m. on Friday, February 3, 2023.** A failure to do so will result in additional sanctions, including monetary penalties.

The sole justification for imposition of the sanctions was because counsel had used the *form* of a *declaration*—a form expressly authorized by statute, 28 U.S.C. § 1746—to certify their compliance with the Court's prior order, *rather than an affidavit*. The District Court did not contend (1) that either counsel's declaration failed to substantively comply with the Court's prior order; or (2) that the declarations failed to meet the requirements of the statute.

Counsel for both of the parties thereafter promptly filed *affidavits* which were *substantively indistinguishable* from the *declarations* previously filed. R.E. 7 (ROA. 900-901; Plaintiff's counsel's *Affidavit*); R.E. 9 (ROA. 905-906; Defendant's counsel's *Affidavit*). Both attorneys likewise promptly paid the fines imposed. R.E. 6 (ROA. 898-899; Plaintiff's counsel's *Notice of Payment*); R.E. 8 (ROA. 903-904; Defendant's counsel's *Certificate of Compliance*). The latter document explained to the Court:

> The undersigned counsel wishes to assure the Court that the previous filing of a Declaration rather than an Affidavit was not intended in any way to exhibit any disrespect whatsoever towards the Court or any intentional disregard of the Court's Order. To the contrary, the filing of the Declaration in conformity with 28 U.S.C. § 1746 was solely an attempt to expeditiously comply with the Court's Order (ECF 63) on a day when a notary was not readily available to verify an Affidavit as a result of the closure of Thompson, Coe's offices because of the inclement winter weather in north Texas and

the restricted ability to travel because of the icing conditions of the roads.[3]

## SUMMARY OF ARGUMENT

The District Court's imposition of sanctions *sua sponte* based on its inherent authority was, necessarily, an abuse of discretion because the District Court based its ruling on a clearly erroneous view of the law. The Court improperly sought to impose on the parties' counsel an affidavit filing requirement which Congress specifically eliminated by statute nearly fifty years ago.

The Court also abused its discretion because the sanctions order was not based on any finding of bad faith on the part of either parties' counsel.

---

[3] The Court can take judicial notice that the Dallas-Fort Worth area and north Texas were struck by a severe winter storm January 30-February 1, 2023, with freezing rain, sleet, snow, icing conditions, temperatures in the 20's and even colder wind chill. *E.g.*, *United States v. Love*, 20 F.4th 407, 412 (8th Cir. 2021) ("Judicial notice may be taken at any stage of the proceeding, including on appeal, as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority."); *Dewalt v. Sam's E., Inc.*, 2020 WL 10787544, at 3 n. 1 (S.D. Tex. Oct. 26, 2020) ("Weather reports are included among the types of facts the court may judicially notice."); *Faith Temple Church of God v. Church Mut. Ins. Co.*, 2018 WL 9869610, at 1, n. 1 (E.D. Tex. Oct. 17, 2018) ("Abundant case law supports the position that a court may take judicial notice of weather data in government weather bureau records."); 21B WRIGHT & MILLER, *Fed. Prac. & Pro. Evid.* § 5106 (2d ed. 2009). *See*, *e.g.*, Weather in January 2023 in Dallas, Texas, USA (timeanddate.com); Photos of January 30 2023 Winter Storm Dallas Fort Worth Texas | wfaa.com; Tuesday weather updates: Ice storm warning issued for western North Texas (dallasnews.com)

## STANDARD AND SCOPE OF REVIEW

### A. Sanctions Under Fed. R. Civ. P. 11:

*See, e.g.*, *Elliott v. Tilton*, 64 F.3d at 215:

We review the imposition of sanctions under Rule 11 for abuse of discretion. A district court necessarily abuses its discretion in imposing sanctions if it bases its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence. [citations omitted].

### B. Sanctions Under a Court's Inherent Authority:

*See, e.g.*, *Elliott v. Tilton*, 64 F.3d at 216-217:

We review sanctions imposed under a court's inherent authority for abuse of discretion. *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995). However, we have also noted that "the threshold for the use of inherent power sanctions is high." *Id.* . . . . "Indeed, the Supreme Court has cautioned that 'because of their very potency, inherent powers must be exercised with restraint and discretion.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991)).

More importantly . . . this Court has held that "[i]n order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'" *Id.*; *R.T.C. v. Bright*, 6 F.3d 336, 340 (5th Cir. 1993)[.]

"These inherent powers 'ought to be exercised with great caution,' . . . and are reserved for conduct which abuses the judicial process[.]'" *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 Fed. App'x. 899, 905 (5th Cir. 2010) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. at 43-45). "A court's inherent powers to sanction 'may be exercised only if essential to preserve the authority of the court,' *id.*,

8

and only when the court 'finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled,''" *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 Fed. App'x. at 905 (quoting *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir.1995), quoting *Chambers*)). *See also Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) ("[W]hen these inherent powers are invoked, they must be exercised with 'restraint and discretion.'" (quoting *Chambers*)); *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1409 (5th Cir. 1993) ("Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion.") (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980)).

"We review the facts underlying the district court's decision to sanction for clear error and 'its underlying conclusions of law *de novo.*'" *Deutsch v. Phil's Icehouse, Inc.*, 716 Fed. App'x. 361, 362 (5th Cir. 2018) (citation omitted). "We have also noted that, where the finding of bad faith is based on 'an erroneous view of the law or on a clearly erroneous assessment of the evidence,' the imposition of sanctions is "'necessarily [an] abuse [of] discretion.'" *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998) (quoting *Dawson v. United States*, 68 F.3d 886, 896 (5th Cir.1995), in turn quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990)).

## ARGUMENT

**THE DISTRICT COURT'S IMPOSITION OF SANCTIONS *SUA SPONTE* BASED ON ITS INHERENT AUTHORITY WAS, NECESSARILY, AN ABUSE OF DISCRETION—BOTH BASED ON A CLEARLY ERRONEOUS VIEW OF THE LAW AND NOT BASED ON ANY FINDING OF BAD FAITH.**

### A. THE DISTRICT COURT'S ORDER MUST BE ANALYZED AS THE EXERCISE OF THE COURT'S INHERENT AUTHORITY:

The District Court did not purport to explain the legal authority with which it acted. *See Crowe v. Smith*, 151 F.3d at 236 ("The hand of the district court, as we are reminded by the Supreme Court, is sometimes wont to be imperial . . . ."). However, no remotely articulable basis existed for imposition of sanctions under *Fed. R. Civ. P.* 11(b) based on unfounded representations to the Court, and the Court's *sua sponte* order made no pretense of complying with Rule 11(c) (authorizing sanctions for a violation of Rule 11(b) only "after notice and a reasonable opportunity to respond."). *See Elliott v. Tilton,* 64 F.3d at 216 ("Sanctions may be ordered [under Rule 11] if the court, on its own initiative, *enters an order describing the offending conduct and directing the offending parties to show cause* why Rule 11 has not been violated." emphasis added).

Consequently, the District Court's order can be justified, if at all, only based upon the Court's inherent authority. *See Sandifer v. Gusman*, 637 Fed. App'x. 117, 121 (5th Cir. 2015) ("As Wilson correctly notes, it appears the district court exercised its inherent authority in sanctioning him. *See Blanco River, L.L.C. v. Green,* 457 Fed. App'x. 431, 438 (5th Cir. 2012) (per curiam) (unpublished) (analyzing the sanctions as "imposed pursuant to the court's

inherent authority" when the record indicated that Federal Rule of Civil Procedure 11 was not the basis for the sanctions).").

However, as a matter of law, the District Court abused its discretion in imposing sanctions *sua sponte* under its inherent authority.

### B. THE DISTRICT COURT ABUSED ITS DISCRETION BECAUSE IT IMPOSED SANCTIONS NOT BASED ON ANY FINDING OF BAD FAITH:

"District courts can impose sanctions using their inherent authority only if they find that the sanctioned person acted in bad faith." *Pena v. Lone Star Nat'l Bank, N.A.*, 807 Fed. App'x. 353, 356 (5th Cir. 2020). *Accord, e.g.*, *Deutsch v. Phil's Icehouse, Inc.*, 716 Fed. App'x. at 362 (to impose sanctions under its inherent authority, a district court must make a specific finding that the attorney acted in "bad faith"); *Elliott v. Tilton*, 64 F.3d at 216-217 (same).

The District Court made no pretense whatsoever of making any such finding. Its order (R.E. No. 5 (ROA. 896-897)) was predicated *solely* upon the perceived deviant *form* with which the parties' attorneys complied with the Court's prior order (R.E. 2 (ROA. 894-895)), *i.e.*, based upon the filing of *declarations*, rather than *affidavits*.

Moreover—irrespective of the unambiguous statutory text, discussed below—no factual basis whatsoever existed for a finding of "bad faith" based on the filing of a declaration in lieu of an affidavit, particularly given Appellant's explanation for the unavailability of a notary because of inclement weather.

**C. THE DISTRICT COURT ABUSED ITS DISCRETION BECAUSE ITS ORDER IS PREDICATED ON A PATENTLY ERRONEOUS VIEW OF THE LAW:**

Under either Rule 11 or the Court's inherent authority, the imposition of sanctions is, as a matter of law, an abuse of discretion where the sanctions are based on "an erroneous view of the law." *E.g.*, *Crowe v. Smith*, 151 F.3d at 236 (under inherent authority); *Elliott v. Tilton*, 64 F.3d at 215 (under Rule 11). Here, the District Court's sanctions were based on a patently erroneous view of a federal statute, 28 U.S.C. § 1746, and its effect.

As a matter of law, by filing declarations the parties' attorneys fully complied with the Court's prior order. *See, e.g., Paters v. United States*, 159 F.3d 1043, 1052, n. 5 (7th Cir. 1998) (§ 1746 provides that a party may submit a declaration in lieu of an affidavit); *Burgess v. Moore,* 39 F.3d 216, 218 (8th Cir. 1994) (documents signed under penalty of perjury satisfy affidavit requirements in federal proceedings); *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686 (1st Cir. 1993) (non-notarized document substitute for affidavit in summary judgment proceeding); *Williams v. Browman*, 981 F.2d 901, 904 (6th Cir. 1992) ("[T]he legislative history of the statute explicitly states that '[t]he purpose of this legislation is to permit the use in Federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits.' H.R. Rep. No. 1616, 94th Cong., 2d Sess. 1, *reprinted in* 1976 U.S.C.C.A.N. 5644."); ***Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (§ 1746 "permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury'**

12

**and verified as 'true and correct.'");** *Thomas v. U.S. Dep't of Energy*, 719 F.2d 342, 345 (10th Cir. 1983) ("28 U.S.C. § 1746 (1976) specifically authorizes the use in federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits.").

The District Court was without authority to by its prior order (R.E. 2 (ROA. 894-895)) prohibit that which an act of Congress expressly permits and insist upon the filing of an affidavit, rather than a declaration. *See Carter v. Clark*, 616 F.2d 228, 230-31 (5th Cir. 1980) (striking down local rule which required prisoner's petitions to be notarized because the rule contradicted the very purpose of § 1746):

> Section 1746 of Title 28, United States Code, was passed in 1976 for the purpose of permitting "the use in Federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits" . . . .

> This is not to indicate that this court is enamoured [*sic*] with the wisdom of Congress in enacting such a broad statute on this topic . . . [or that doing so] may open the judicial process to some abuse. Our task, however, is not to determine what the best law would be. We must only determine what Congress says the law is.[4]

In determining what Congress says the law is, "we turn first, as always, to the text of the statute." *Shannon v. United States*, 512 U.S. 573, 580 (1994). In 28 U.S.C. § 1746, Congress determined

---

[4] Ironically, the concern for potential abuse which the local rule struck down in *Carter* sought to address was potential untrustworthy use of unsworn declarations by incarcerated prisoners. In this case, the declarations were subscribed to *by members of the bar*.

what the law is in clear, unequivocal, unambiguous language. 28 U.S.C. § 1746 (emphasis added):

> Wherever, under *any . . . order*[5] *. . . any matter is required* or permitted *to be supported . . . by . . . affidavit . . . such matter may, with like force and effect, be supported . . . by* the *unsworn declaration . . .* of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form . . . .

"When faced with questions of statutory construction, a court must first determine whether the statutory text is plain and unambiguous and, if it is, the court must apply the statute according to its terms." *Burtons v. Warden, FMC-Fort Worth*, 2021 WL 6063103, at 2 (N.D. Tex. Dec. 22, 2021) (**Pittman, J.**); *Norman v. Carr*, 2021 WL 5086561, at 2 (N.D. Tex. Nov. 2, 2021) (**Pittman, J.**; same); *Hills v. Carr*, 2021 WL 4399771, at 4 (N.D. Tex. Sept. 27, 2021) (**Pittman, J.**; same). "[T]his Court and all courts must apply the text of the law, not alter it." *Martinez v. Tyson Foods, Inc.*, 533 F.Supp.3d 386, 394 (N.D. Tex. 2021) (**Pittman, J.**). Unfortunately, in this case, the District Court did not abide by its own admonitions and by its orders sought to alter the text of the statute.[6]

---

[5] Including the District Court's *Order* (R.E. 2 (ROA. 894-895)).

[6] Similarly, instead of simply abiding by the unambiguous text of the statute as written, the District Court attempted *post hoc* to justify its sanctions order by improperly plumbing the depths of the statute's legislative history. *See* ROA. 1007. *See BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) ("[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous."); *Martinez v. Tyson Foods, Inc.*, 533 F.Supp.3d at 393 (**Pittman, J.**: "'[W]hat judges believe Congress 'meant' (apart from the text) has a disturbing but entirely unsurprising tendency to be whatever judges think Congress must have meant, *i.e.*, should have meant.'" quoting *Zuni Pub. Sch.*

***Footnote continued on next page . . .***

However, as this Court stated in *Clark*, 616 F.3d at 231 regarding 28 U.S.C. § 1746:

> To allow a local court to carve out its own exception to the application of the statute arbitrarily could signal the abrogation of the statute. There would be nothing to restrain the courts from carving out any exception to its application that they pleased and the clear intent of Congress, to eliminate or at least severely limit the requirement of the outmoded notarial seal, would be thwarted.

Here, the District Court abused its discretion by doing precisely that which *Clark* counseled against—attempting to carve out an exception to the statute based purely upon the District Court's personal predilection.

## D. THE DISTRICT COURT ENGAGED IN JUDICIAL OVERKILL:

The fine imposed by the District Court was a mere $250. The filing fee alone for the *Notice of Appeal* was more than twice that amount, $505 (ROA. 9, ECF entry 81), in addition to the time, effort and additional expense of the appeal itself. This appeal isn't about the money.

It's about reputation—and principle. Until the District Court's erroneously based *sua sponte* sanctions order in this case, since being first licensed in Michigan in 1976[7]—the year after the District Court was born[8]—I had practiced law for nearly 50 years without

---

*. . . footnote continued from previous page.*

*Dist. No. 89 v. Dep't of Ed.*, 550 U.S. 81, 117 (2007) (Scalia, J., dissenting)). Precisely the point.

[7] *See People v. Biondo*, 76 Mich. App. 155, 256 N.W.2d 60 (1977).

[8] Judge Mark T. Pittman | Northern District of Texas | United States District Court (uscourts.gov)

*ever* being sanctioned or disciplined by any court or bar association. In those 47 years I have:

➤ been admitted to practice and have consistently remained in good standing with the Michigan State Bar (admitted 1976, now holding *emeritus* status), and the Texas Bar (admitted 1987);

➤ been dually Board Certified for more than 25 years by the Texas Board of Legal Specialization in both Labor & Employment Law (1995) and Civil Trial Law (1997);[9]

➤ been admitted to practice and have consistently remained in good standing before the U.S. Court of Military Appeals (1977), U.S. Supreme Court (1980), the Army Court of Military Review (1981), the U.S. Courts of Appeals for the Fifth, Seventh (1985), Eighth (2017), Eleventh (1986), and Federal (1995) Circuits, and the U.S. District Courts for the Northern (1985), Southern (1989), Western (1990) and Eastern (1990) Districts of Texas;

➤ practiced in military courts, successfully trying 15 of 22 cases to verdict before courts-martial and appearing before military appellate courts,[10] including the U.S. Supreme Court,[11] and

---

[9] [Attorney Profile - Mr. John L. Ross (tbls.org)](tbls.org)

[10] *E.g.*, *United States v. Palacios*, 32 M.J. 1047 (A.C.M.R. 1991), *rev'd*, 37 M.J. 366 (C.M.A. 1993); *United States v. McMillan*, 32 M.J. 573 (A.C.M.R. 1991); *United States v. Berner*, 32 M.J. 570 (A.C.M.R. 1991); *United States v. Serrano*, 27 M.J. 611 (A.C.M.R. 1988).

[11] *Arnold v. United States*, 484 U.S. 1060 (1988) (denying *certiorari*).

served as a military judge, presiding over courts martial at Fort Bragg, North Carolina;[12]

➢ practiced in state trial[13] and appellate[14] courts throughout the country;

➢ appeared and argued before the Texas Supreme Court[15] and multiple Texas appellate courts;[16]

➢ handled appeals and argued in multiple federal circuit courts of appeal[17]—particularly in the Fifth Circuit[18]—and petitions for and against *certiorari* to the U.S. Supreme Court;

---

[12] Now, renamed Fort Liberty.

[13] *E.g.*, *Chen v. Mar*, No. 62-CV-09-12113 (2d Dist. Ct. **Ramsey Cnty., Minn.** 2010) (summary judgment granted); *Gliszinski v. Davisco Foods Internat'l, Inc., et al.*, No. 27-CV-10-2031 (4th Dist. Ct. **Hennepin Cnty, Minn.** 2010) (obtained defense verdict), *rev. denied*, No. A11-2230 (Minn. Apr. 25, 2012); *SecurityLink from Ameritech, Inc., v. Holmes Protection Group, Inc., et al.*, No. 401841 (Sup. Ct. **San Mateo, CA** 1997).

[14] *E.g.*, *Chen v. Mar*, 2011 WL 2119406 (**Minn.** Ct. App. May 31, 2011) (summary judgment affirmed); *People v. Biondo*, 76 **Mich.** App. 155, 256 N.W.2d 60 (1977) (convictions reversed).

[15] *Tilton v. Moyé*, 869 S.W.2d 955 (Tex. 1994); *Nat'l Union Fire Ins. Co. v. Valdez*, 863 S.W.2d 458 (Tex. 1993).

[16] *E.g.*, *In re Swan Products, LLC*, 2019 WL 1716312 (Tex. App.—**Waco** Apr. 17, 2019, no pet.); *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280 (Tex. App.—**Dallas** 2015, rev. denied); *Mendivil v. Zanios Foods, Inc.*, 357 S.W.3d 827 (Tex. App.—**El Paso** 2012, no pet.); *In re Tyco Elec. Power Sys., Inc.*, 2005 WL 237232 (Tex. App.—**Dallas** Feb. 2, 2005, no pet.); *In re Hinterlong*, 109 S.W.3d 611 (Tex. App.—**Fort Worth** 2003, no pet.); *Guinn v. Bosque Cnty.*, 58 S.W.3d 194 (Tex. App.—**Waco** 2001, pet. denied); *Haller v. Spring Branch ISD*, 2001 WL 282742 (Tex. App.—**El Paso** Mar. 22, 2001, no pet.); *McGilvray v. Moses*, 8 S.W.3d 761 (Tex. App.—**Fort Worth** 1999, pet. denied); *Trillo v. Nat'l Union Fire Ins. Co.*, No. 08-97-00182-CV (Tex. App.—**El Paso** Mar. 4, 1999).

[17] *E.g.*, *NLRB v. EYM King of Missouri, LLC*, 726 Fed. App'x. 524 (**8th Cir.** 2018); *NLRB v. EYM King of Missouri, LLC*, 696 Fed. App'x. 759 (**8th Cir.** 2017); *Davis v. Dep't of Educ.*, 79 F.3d 1166 (**Fed. Cir.** 1996); *Miss. Chem. Corp. v. EEOC*, 786 F.2d 1013 (**11th Cir.** 1986).

> tried cases to verdict before NLRB administrative law judges and prosecuted and defended appeals to the NLRB and enforcement proceedings in federal courts of appeal;[19]

> appeared in federal district courts across the country,[20] including before most of the Texas federal district court judiciary over the past thirty-five years;[21]

---

*. . . footnote continued from previous page.*

[18] *E.g.*, *Cutrer v. Tarrant Cnty. Local Workforce Dev. Bd.*, 943 F.3d 265 (5th Cir. 2019); *Bustillos v. El Paso County Hosp. Dist.*, 891 F.3d 214 (5th Cir. 2018); *Haskett v. Cinco Energy Mgmt. Group*, 671 Fed. App'x. 318 (5th Cir. 2016) (*per curiam*); *Giddens v. Comm. Ed. Ctrs, Inc.*, 540 Fed. App'x. 381, 2013 WL 5405503 (2013) (*per curiam*); *Cunningham v. Richeson Mgmt. Corp.*, 230 Fed. App'x. 369 (5th Cir. 2007); *Keelan v. Majesco Software, Inc.*, 407 F.3d 332 (5th Cir. 2005); *Friend v. ISI Professional Services, Inc.*, 69 Fed. App'x. 659, 2003 WL 21356055 (5th Cir. 2003); *Jurgens v. Wood County*, 248 F.3d 1143, 2001 WL 184852 (5th Cir. 2001) (*per curiam*); *Rodriquez v. Nat'l Union Fire Ins. Co.*, 247 F.3d 240, 2001 WL 43525 (5th Cir. 2001) (*per curiam*); *Lusk, et al., v. FoxMeyer Health Corp.*, 129 F.3d 773 (5th Cir. 1997); *McCaffity v. Hurst-Euless-Bedford ISD*, 98 F.3d 1339, 1996 WL 556888 (5th Cir. 1996) (*per curiam*); *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118 (5th Cir. 1996), *cert. denied*, 520 U.S. 1117 (1997); *Huddleston v. Cigna Ins.*, 30 F.3d 1491 (5th Cir. 1994) (*per curiam*, summary judgment affirmed), *cert. denied*, 513 U.S. 1125 (1995), *sanctions awarded* [against opposing counsel], 513 U.S. 1125 (1995); *Cigna Ins. Co. v. Simmons*, 35 F.3d 561 (5th Cir. 1994) (three consolidated appeals, Nos. 93-1461, 93-1462, and 93-1522); *Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418 (5th Cir. 1993) (*per curiam*; arbitration confirmed, attorney fees awarded against opposing counsel); *Frazier v. Garrison ISD*, 980 F.2d 1514 (5th Cir. 1993) (summary judgment affirmed).

[19] *EYM King of Missouri d/b/a Burger King*, 365 NLRB No. 16 (N.L.R.B. Div. Judges Sept. 29, 2017), *aff'd*, 366 NLRB No. 5 (2018); *EYM King of Michigan, LLC, d/b/a Burger King*, 201 L.R.R.M. (BNA) ¶ 1099 (N.L.R.B. Div. of Judges Sept. 29, 2014), *adopted as modified*, 366 NLRB No. 156 (N.L.R.B. Aug. 15, 2018).

[20] *E.g.*, *Wilson v. CiCi Enterprises, Inc.*, No. 2:20-cv-019957 (**S.D. Ala.** 2021); *Ward v. Empire Petroleum Partners, LLC*, No. cv-20-01496 (**D. Ariz.** 2020); *Butterfield v. CiCi Enterprises, L.P.*, 2020 WL 6161713 (**D. Ariz.** Oct. 21, 2020) (summary judgment granted); *Townsend v. Wilks Masonry, LLC*, No. 5:18-cv-00921 (**W.D. Okla.** 2019); *Solomon v. Wardlaw Claim Services, LLC*, 2019 WL

*Footnote continued on next page . . .*

---

*. . . footnote continued from previous page.*

2565667 (**N.D. Ind.** June 19, 2019) (summary judgment granted); *GlobalOptions Group, Inc.*, No. 8:08-cv-01364 (**C.D. Ca.** 2010); *CiCi Enterprises, L.P. v. Neuro Diagnostics, Inc.*, No. 08-9062 (**N.D. Ga. Bkcy.** 2008); *Anchondo v. GlobalOptions Group, Inc.*, No. 8:04-cv-01453 (**C.D. Ca.** 2008); *Interior Syst., Inc. v. Braswell*, No. 1:07MC22 (**E.D. Va.** 2107); *Thomas v. WSFM, LLC*, No. 2:07-cv-01336 (**E.D. La.** 2008); *CiCi Enterprises, L.P. v. Duforni, et al.*, No. cv-06-1029 (**W.D. Okla.** 2006); *Argus v. F. Gaylon Young, Ins., et al.*, No. 02-001GPM (**S.D. Ill.** 2002); *Nat'l Union Fire Ins. Co. v. ABS Ins., Ltd.*, 2001 WL 102352 (**S.D. N.Y.** Mar. 7, 2001); *Bass v. Lifecare Holdings*, No. 2:99-cv-01864 (**E.D. La.** 1999).

[21] **Northern District:** *E.g., United States v. MA Partners2, et al.*, No. 3:23-cv-00407 (N.D. Tex. 2023) (**Kinkeade, J.**); *Gipson v. Wardlaw Consulting Services, Inc.*, No. 3:20-cv-00482 (N.D. Tex. 2021) (**Scholer, J.**; granting motion to compel arbitration); *EEOC v. Alden Short*, 2021 WL 4502413 (N.D. Tex. Sept. 30, 2021) (**Lindsay, J.**); *Cutrer v. Tarrant County Workforce Dev. Bd.*, 2020 WL 6504569 (N.D. Tex. Nov. 5, 2020) (**O'Connor, J.**; summary judgment granted after remand); *Cummings v. Total Eye Care*, 2019 WL 95606 (N.D. Tex. Jan. 3, 2019) (**McBryde, J.**; dismissal granted); *Quiroz, et al. v. WCS Services, Inc.*, No. 3:16-cv-02212 (N.D. Tex. Sept. 29, 2017) (**Godbey, J.**; defense judgment); *EEOC v. AccentCare, Inc.*, 2017 WL 2691240 (N.D. Tex. June 21, 2017) (**Fitzwater, J.**; partial summary judgment); *Richards v. Newport Strategic Search, Inc.*, 2016 WL 10906448 (N.D. Tex. May 12, 2016) (**Boyle, J.**); *Wells v. Sw. Assemblies of God Univ.*, 2015 WL 5459551 (N.D. Tex. Aug. 25, 2015) (**Ramirez, M.J.**), *rep. and recomm. adopted*, 2015 WL 5472840 (N.D. Tex. Sept. 17, 2015) (**Fish, J.**; dismissal with prejudice); *Richardson v. BBB Group, Inc.*, No. 3:14-cv-01014 (N.D. Tex. 1014) (**Lynn, J.**); *Sanders v. Dalcraft, LLC*, 2010 WL 11578738 (N.D. Tex. Mar. 1, 2010) (**Solis, J.**; summary judgment granted); *Boone v. Gibson*, 2008 WL 4791345 (N.D. Tex. Feb. 14, 2008) (**Kaplan, M.J.**), *rep. and recomm. adopted in part, rejected in part*, 2008 WL 4791541 (N.D. Tex. Oct. 31, 2008) (**Lindsay, J.**; partial summary judgment granted); *Hudson v. Mortenson Broad. Co. of Tex., Inc.*, 2008 WL 190514 (N.D. Tex. Jan. 23, 2008) (**Boyle, J.**; summary judgment granted); *Lloyd v. Classic Chevrolet, Inc.*, 2002 WL 989470 (N.D. Tex. Jan. 31, 2002) (**Means, J.**); *Hubbard v. RaceTrac Petroleum, Inc.*, 1998 WL 318819 (N.D. Tex. June 8, 1998) (**Fish, J.**; partial summary judgment granted); *Hammons v. Crawford & Co., et al.*, No. 2:93-cv-00201 (N.D. Tex. 1994) (**Robinson, J.**); *White v. H.S. Fox Corp.*, No. 3:92-cv-00628 (N.D. Tex. 1994) (**Sanders, J.**) (defense verdict); *Carillo v. Nat'l Union Fire Ins. Co.*, No. 1:93-cv-00128 (N.D. Tex. Aug. 1994) (**Cummings, J.**) (defense verdict); *Tutton v. Garland ISD*, 733 F.Supp. 1113 (N.D. Tex. 1990) (**Fitzwater, J.**; summary judgment granted); *Hill Tower, Inc. v. Dep't of Navy*, 718 F.Supp. 568, 570 (N.D. Tex. 1989) (**Maloney, J.**); *EEOC v. Cosmair, Inc., L'Oreal Hair Care Div.*, 1986 WL 68544 (N.D. Tex. Nov. 4, 1986)

*Footnote continued on next page . . .*

*. . . footnote continued from previous page.*

(**Buchmeyer, J.**; (preliminary injunction granted), *aff'd as modified and remanded*, 821 F.2d 1085 (5th Cir. 1987); *EEOC v. ABC Rentals, Inc.*, 1985 WL 3778 (N.D. Tex. Nov. 12, 1985) (**Buchmeyer, J.**; TRO granted).

**Western District:** *E.g., So. Tire Mart, LLC v. Gutierrez*, 2021 WL 6750914 (W.D. Tex. Oct. 12, 2021) (**Counts, J.**) (granting petition to compel arbitration); *Brewster v. Custom Data Sys., Inc.*, 2017 WL 7052307 (W.D. Tex. Sept. 5, 2017) (**Manske, M.J.**), *rep. and recomm. adopted*, 2017 WL 7052275 (W.D. Tex. Sept. 22, 2017) (**Pittman [Robert], J.**); *Bustillos v. El Paso County Hosp. Dist.*, 226 F.Supp.3d 778 (W.D. Tex. 2016) (**Martinez, J.**; summary judgment granted), *aff'd*, 891 F.3d 214 (5th Cir. 2018); *Davis v. Cmty. Educ. Centers, Inc.*, 2013 WL 12108601 (W.D. Tex. Jan. 17, 2013) (**Smith, J.**; summary judgment granted); *Giddens v. Cmty. Educ. Centers, Inc.*, 2012 WL 12884371 (W.D. Tex. Sept. 12, 2012) (**Junell, J.**; summary judgment granted); *Shadix-Marasco v. Austin Reg'l Clinic P.A.*, 2011 WL 13272445 (W.D. Tex. July 5, 2011) (**Yeakel, J.**); *Sweet v. Indianapolis Jet Ctr., Inc.*, 2011 WL 2518862 (W.D. Tex. June 22, 2011) (**Rodriguez, J.**; summary judgment granted); *Allen v. Greystar Mgmt. Services, L.P.*, 2009 WL 10669156 (W.D. Tex. Aug. 27, 2009) (**Primomo, M.J.**), 2010 WL 148187 (W.D. Tex. Jan. 11, 2010) (**Rodriguez, J.**; summary judgment granted); *Azar v. Howl San Antonio, LLC*, No. SA:08-cv-00965 (W.D. Tex. 2009) (**Garcia, J.**); *Harper v. Nationwide Mut. Ins. Co.*, No. 5:03-cv-00758 (W.D. Tex. 2003) (**Biery, J.**); *Loya v. Nat'l Union Fire Ins. Co.*, No. 3:00-cv-00201 (W.D. Tex. 2001) (**Briones, J.**; summary judgment granted); *Nat'l Union Fire Ins. Co. v. Rivas*, No. 7:98-cv-00164 (W.D. Tex. 1999) (**Ferguson, J.**; summary judgment granted).

**Eastern District:** *E.g., Coppock v. Doug's Corner, et al.*, No. 5:21-cv-00043 (E.D. Tex. 2023) (**Schroeder, J.**); *Spindle v. CKJ Trucking, L.P.*, 2020 WL 13609302 (E.D. Tex. Feb. 7, 2020) (**Johnson, M.J.**), *rep. and recomm. adopted*, 2020 WL 1283519 (E.D. Tex. Mar. 18, 2020) (**Jordan, J.**; summary judgment granted); *De La Rosa v. J&GK Properties, LLC*, 2019 WL 7067130 (E.D. Tex. Dec. 23, 2019) (**Mazzant, J.**); *Conley v. Good Shepherd Hospital*, No. 2:16-cv-01346 (E.D. Tex. Oct. 31, 2017) (**Payne, M.J.**; summary judgment recommended) and **Gilstrap, J.**; case dismissed); *Clasen v. Nat'l Bd. of Osteopathic Med. Examiners, Inc.*, 2015 WL 9489507 (E.D. Tex. Dec. 30, 2015) (**Bush, M.J.**), *rep. and recomm. adopted*, 2016 WL 890675 (E.D. Tex. Mar. 9, 2016) (**Clark, J.**; case dismissed); *Williams v. Good Shepherd Med. Cntr. et al.*, No. 2:13-CV-00267 (E.D. Tex. March 31, 2014) (**Gilstrap, J.**; summary judgment); *Nash v. Landtel Communications, LLC*, 2011 WL 13301131 (E.D. Tex. Jan. 12, 2011) (**Folsom, J.**; compelling arbitration); *ABS Ins., Ltd. v. Nat'l Union Fire Ins. Co.*, 51 F.Supp.2d 762 (E.D. Tex. 1999) (**Heartfield, J.**; summary judgment granted); *Richey v. Ins. Co. of the State of Pa.*, No. 3:97-CV-00031 (E.D. Tex. 1998) (**Schell, J.**); *Matlock v. Nat'l Union Fire Ins. Co.*, 925

*Footnote continued on next page . . .*

➢ tried cases to verdict before numerous federal district court judges;[22] and

F.Supp. 468 (E.D. Tex. 1996) (**Hines, M.J.**; summary judgment granted); *Williams v. City of Highland Village*, No. 4:94-cv-00170 (E.D. Tex. 1995) (**Brown, J.**; summary judgment granted); *Milstead v. Nat'l Union Fire Ins. Co.*, No. 92-cv-00311 (E.D. Tex. 1993) (**Fisher, J.**); *Frazier v. Garrison, ISD*, No. cv-L-89-130-CA, 1991 WL 474688 (E.D. Tex. Nov. 12, 1991) (**Parker, J.**) (summary judgment granted), *aff'd*, 980 F.2d 1514 (5th Cir. 1993).

**Southern District:** *E.g., Haskett v. Cinco Energy Mgmt. Group*, 161 F.Supp.3d 465 (S.D. Tex. 2015) (**Rosenthal, J.** summary judgment granted), *rev'd*, 671 Fed. App'x. 318 (5th Cir. 2016), *after remand* (**Hanks, J.**); *Waste Mgmnt. of Washington, Inc. v. Kattler*, No. 4:12-cv-03454 (S.D. Tex. 2013) (**Hoyt, J.**); *Fareed v. Accred. Council for Graduate Med. Educ.*, 903 F.Supp.2d 492 (S.D. Tex. 2012) (**Lake, J.**; summary judgment granted); *Kumar v. AST Solutions, LLC*, No. 4:06-cv-00839 (S.D. Tex. 2007) (**Werlein, J.**); *Andrade v. Zurich Am. Ins. Co.*, No. 4:04-cv-03720 (S.D. Tex. 2005) (**Ellison, J.**); *Romero v. Am. Home Assurance*, No. 4:00-cv-02816 (S.D. Tex. 2001) (**Rosenthal, J.**; summary judgment granted); *Vela v. Cabo*, No. 4:99-cv-01329 (S.D. Tex. 1999) (**Atlas, J.**; summary judgment granted); *Ortiz v. Nat'l Union Fire Ins. Co.*, No. 2:95-cv-00328 (S.D. Tex. 1995) (**Jack, J.**); *Mo-Vac Service Co. v. Am. Hom Assurance*, No. 7:95-cv-00020 (S.D. Tex. 1995) (**Hinojosa, J.**; summary judgment granted); *Rodriguez v. Landmark Ins. Co.*, No. 1:93-cv-00028 (S.D. Tex. 1994) (**Black, J.**); *Vela v. Nat'l Union Fire Ins. Co.*, No. 1:93-cv-00063 (S.D. Tex. 1994) (**Vela, J.**; summary judgment granted); *Haines v. Nat'l Union Fire Ins. Co.*, 812 F.Supp. 93 (S.D. Tex. 1993) (**Crone, M.J.**; summary judgment granted); *Villareal v. Nat'l Union Fire Ins. Co.*, No. 2:92-cv-00221 (S.D. Tex. 1993) (**Head, J.**); *O'Neal v. Transitional Learning Ctr.*, No. 3:93-cv-00031 (S.D. Tex. 1993) (**Kent, J.**); *Ray v. Nat'l Union Fire Ins. Co.*, No. 4:92-cv-01131 (S.D. Tex. 1993) (**Johnson, J.**); *Castro v. Nat'l Union Fire Ins. Co.*, No. 4:92-cv-03817 (S.D. Tex. 1993) (**Rainey, J.**).

[22] *E.g., Rekiel v. Wardlaw Consulting Services, Inc.*, No. W-18-cv-00025 (W.D. Tex. 2019) (**Albright, J.**); *Brewster v. Custom Data Syst., Inc.*, No. 6:16-cv-00170 (W.D. Tex. 2017) (**Pittman [Robert], J.**); *Mansfield Heliflight, Inc. v. Bell/Agusta Aerospace Co., LLC*, 507 F.Supp.2d 638 (N.D. Tex. 2007) (**McBryde, J.**); *Stell v. Eng'g & Fire Investigations, Inc.*, 2007 WL 1295838 (S.D. Tex. 2007) (**Miller, J.**) (defense verdict); *Cunningham v. Richeson Mgmt. Corp.*, No. 3:04-CV-0385-B, 2005 WL 8158180 (N.D. Tex. 2005) (**Boyle, J.**), *rev'd*, 230 Fed. App'x. 369 (5th Cir. 2007); *Rasberry v. Muniz Engineering, Inc.*, No. G-01-728 (S.D. Tex. Sept. 2002) (**Kent, J.**) (defense verdict); *Cumming v. Nationwide Ins. Co.*, No. 3-00-cv-01716 (N.D. Tex. 2000) (**Fish, J.**) (defense verdict); *White*

**Footnote continued on next page . . .**

> ➢ appeared in trial court cases throughout Texas, including
> numerous cases tried to jury verdict before state court judges,
> both in and out of Texas.[23]

---

*. . . footnote continued from previous page.*

*v. H.S. Fox Corp.*, No. 3:92-cv-00628 (N.D. Tex. 1994) (**Sanders, J.**) (defense verdict); *Carillo v. Nat'l Union Fire Ins. Co.*, No. 1:93-cv-00128 (N.D. Tex. 1994) (**Cummings, J.**) (defense verdict); *Boyer v. Gates, McDonald & Co.*, No. 3:91-cv-00027 (N.D. Tex. May 1992) (**Cummings, J.**) (defense verdict); *Kilborne v. Ft. Worth County Day School*, No. 4:89-cv-00538 (N.D. Tex. 1990) (**McBryde, J.**) (defense verdict); *Webster v. Hawkins ISD*, No. 6:88-cv-00695 (E.D. Tex. 1990) (**Parker, J.**).

[23] *E.g.*, *Gliszinski v. Davisco Foods Internat'l, Inc., et al.*, No. 27-CV-10-2031 (4th Dist. **Hennepin Cnty., Minn.** 2010) (defense verdict), *rev. denied*, No. A11-2230 (Minn. Apr. 25, 2012); *Green v. Greystar Management Services*, No. 08-5850 (14th Dist. Ct. Dallas Cnty. June 2009) (**Moyê, J.**; defense verdict); *Hinmon v Rack Room Shoes*, No. 1-05-934 382 (382nd Dist. Rockwall Cnty. June 2006) (**Hall, J.**; partial summary judgment and defense verdict on remainder); *Soza-Gorham v. Tex. Elec. Util. Constr. Co.*, No. 3800167401 (380th Dist. Ct. Collin Cnty. Oct. 2002) (**Sandoval, J.**) (defense verdict); *Hatton v. Nat'l Union Fire Ins. Co., et al.*, No. 1995-CI-09459 (225th Dist. Ct. Bexar Cnty. Mar.-Apr. 1999) (**Specia, J.**; retail after hung jury); *Hatton v. Nat'l Union Fire Ins. Co., et al.*, No. 1995-CI-09459 (225th Dist. Ct. Bexar Cnty. Mar.-Apr. 1998) (**Haberman, J.**; hung jury); *Trillo v. Nat'l Union Fire Ins. Co.*, Nos. 93-11554 and 96-4685 (65th Dist. Ct., El Paso Cnty. 1996) (obtained directed verdict), *aff'd*, No. 08-97-00182-CV (Tex. App.—El Paso Mar. 4, 1999); *Crandall v. Nat'l Union Fire Ins. Co.*, No. 55-93 (249th Dist. Ct. Johnson Cnty. June 1996) (**Bridewell, J.**); *Rohr v. INOVA Health Care, P.A.*, No. 94-09728 (162nd Dist. Ct. Dallas Cnty. May 1995) (**Rhea, J.**; obtained plaintiff's verdict); *Sparrow v. Nat'l Union Fire Ins. Co., et al.*, No. 93-12262 (171st Dist. Ct. El Paso Mar. 1995) (**Ferguson, J.**; JNOV granted); *Schnell v. Nat'l Union Fire Ins. Co., et al.*, No. 91-0445 SL (El Paso Cnty. Ct. at Law No. 1 1994) (**Briones, J.**); *Frazier v. United Stationers Supply Co.*, No. 90-08001-I (162nd Dist. Dallas Cnty. Feb. 1993) (**Rhea, J.**; defense verdict); trial to verdict of an insurance bad faith case in the 71st Dist. Ct. Harrison County, Texas (1992??) (**Leggat, J.**); trial to defense verdict in an employment discrimination case against RaceTrac Petroleum in Dallas Cnty. Dist. Ct. (1992??); and trial of an insurance bad faith case on behalf of Gates McDonald & Co., in Dallas Cnty. Court at Law (1988) (**Canales, J.**).

As this Court observed in *Crowe v. Smith*, 151 F.3d at 236:

> [W]hen sanctions are imposed under the inherent power, our investigation of legal and evidentiary sufficiency is particularly probing. The hand of the district court, as we are reminded by the Supreme Court, is sometimes wont to be imperial,[24] and when the district court dips into its reservoir of inherent power, the attorneys practicing at its bar are likely to be in their most vulnerable setting. Because direct democratic controls are not available to guard against the inherent power of individual judges, we must, on appeal, assure that this power is exercised in the most careful manner.

*See also Mackler Productions, Inc. v. Cohen*, 146 F.3d 126, 127–29 (2d Cir. 1998) ("A troublesome aspect of a trial court's power to impose sanctions . . . pursuant to the court's inherent power . . . is that the trial court may act as accuser, fact finder and sentencing judge, not subject to restrictions of any procedural code and at times not limited by any rule of law governing the severity of sanctions that may be imposed. The absence of limitations and procedures can lead to unfairness or abuse." (internal citation omitted)).

I'm 70 years old. I intend to retire at the end of the year and will not willingly abide ending an otherwise unblemished career with the imposition of a patently improper sanctions order. The District

---

[24] *See Campbell v. Wilkinson*, 2021 WL 1567892 (Apr. 21, 2021) (**Pittman, J.**), *rev'd*, 988 F.3d 798, 802 (5th Cir. 2021) (reversing the District Court's *sua sponte* sanction of dismissal as an "unwarranted" abuse of discretion); *Razvi v. Dallas Fort Worth Int'l Airport*, 2020 WL 8085299 (N.D. Tex. Dec. 10, 2020) (**Pittman, J.**), *rev'd*, 2022 WL 4298141, at 6-7 (5th Cir. Sept. 16, 2022) (by imposing sanctions the District Court abused his discretion and engaged in "judicial overkill").

Court necessarily abused its discretion by (1) basing its ruling on a clearly erroneous view of the law; (2) impetuously imposing sanctions based purely on a matter of form; and (3) imposing sanctions under its inherent authority absent any bad faith.

## CONCLUSIONS AND REQUESTED RELIEF

For all these reasons, the District Court's order should be vacated, and the case remanded with direction to refund the fines.

*/s/ John L. Ross*

**JOHN L. ROSS**
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS &**
   **IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email: jross@thompsoncoe.com

**APPELLANT**

## CERTIFICATE OF SERVICE

I certify that on the 19th day of June 2023, two true and correct copies of the foregoing instrument were served by first-class mail, postage prepaid on:

Kevin M. Duddlesten
Duddlesten Law Group, PLLC
4347 W. Northwest Hwy.
Suite 130, PMB 325
Dallas, Texas 75220
Email: kevin@duddlestenlawgroup.com
ATTORNEY FOR PLAINTIFF

/s/ John L. Ross
**JOHN L. ROSS**

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This brief complies with the type-volume limitation of *Fed. R. App. P.* 32(a)(7)(B) because this brief contains 7,136 words, excluding the parts of the brief exempted by *Fed. R. App. P.* 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of *Fed. R. App. P.* 32(a)(5) and the style requirements of *Fed. R. App. P.* 32(a)(5) because this brief has been prepared in proportionally spaced typeface using Microsoft® Word for Microsoft 365 MSO (Version 2302 Build 16.0.16130.20378) 64-bit in Bookman Old Style 14 pt font.

3. This brief and the addendum have been scanned for viruses and are virus-free.

*/s/ John L. Ross*

**JOHN L. ROSS**
**APPELLANT**

Dated: June 19, 2023